Dear Mayor Saltzman:
You have requested an opinion of this office as to whether an elected police chief can maintain full time employment as the appointed superintendent of the electric department for the Town of Gueydan.
Holding local elective office and local employment within the same political subdivision is prohibited under LSA-R.S. 42:63(D), as this statute provides:
 E. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
The electric department is authorized by ordinance established by the mayor and Board of Alderman. Furthermore, the electric department under LSA-R.S. 42:62 would be considered a political subdivision defined in pertinent part as:
 . . . a parish, municipality, and any other unit of local government. . . authorized by law to perform governmental functions. (Emphasis added).
Accordingly, it is the opinion of this office that the Louisiana Dual Officeholding law prohibits an individual from holding concurrently the local elected position of police chief and the full-time appointed position of superintendent of the electric department. If we can be of further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________________ ANN EVANS WALL Assistant Attorney General
RPI/AEW;dsc
Date Released: August 1, 2002